**FILED**

MAR 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| James M. Womble, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. **12 0494** |
| | ) | |
| Louise W. Flanagan, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This action was submitted *pro se* on a form captioned "Petition for Writ of Habeas Corpus by a Person in Custody in the District of Columbia," but petitioner is in a North Carolina correctional facility and is challenging a judgment of conviction entered by the United States District Court for the Eastern District of North Carolina. Pet. ¶ 1. In addition, petitioner has submitted an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the case for lack of jurisdiction.

Petitioner challenges the validity of his guilty plea. *See* Pet. at 5. His claim must be presented to the sentencing court by motion filed pursuant to 28 U.S.C. § 2255, which states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

*3*

that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Petitioner has not shown that his available remedy is inadequate or ineffective. This case therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: March 22, 2012

_____
United States District Judge